[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
FILED 42
Honorable William Stoner Missouri House of Representatives Room 101, State Capitol Jefferson City, Missouri 65101
Dear Mr. Stoner:
This letter is in response to your request asking as follows:
 "A. For purposes of determining whether or not a city councilman has a conflict of interest as stated in the facts set forth in paragraph 4, is the University of Missouri Extension Service a business entity under Section 105.490 RSMo. 1969?
 "B. In determining whether or not there is a conflict of interest under the facts stated in paragraph 4, does the phrase `substantial interest' as used in Section 105.490 RSMo. 1969 require a computation of the earnings of an individual based on a calendar year or do you compute said earnings on the basis of money earned within a period of one (1) year from the time the money is first received?"
Additionally, although you have not furnished us a precise statement of facts, you have included with your request voluminous material relating to the contract between the City of Springfield and the United States Department of Labor relative to the local implementation of the provisions of Title II of the Comprehensive Employment and Training Act of 1973, as amended. The information indicates that the city has entered into additional agreements with the sub-agent, the University of Missouri Extension Service Energy Conservation Office. The primary question from a factual standpoint is whether or not a city councilman of the City of Springfield can be hired by the University of Missouri Extension Service as a public service employee under the sub-agreement.
We will not attempt to summarize the extensive material that you have sent to us, and we hasten to point out that much of the determination of whether or not a conflict of interest exists depends upon the facts. Of course, this office does not purport to make factual determinations.
Your first question asks whether the University of Missouri Extension Service is a business entity under Section 105.490, RSMo.
Section 105.490, RSMo, provides:
 "1. No officer or employee of an agency shall transact any business in his official capacity with any business entity of which he is an officer, agent or member or in which he owns a substantial interest; nor shall he make any personal investments in any enterprise which will create a substantial conflict between his private interest and the public interest; nor shall he or any firm or business entity of which he is an officer, agent or member, or the owner of substantial interest, sell any goods or services to any business entity which is licensed by or regulated in any manner by the agency in which the officer or employee serves.
 "2. Any person who violates the provisions of this section shall be adjudged guilty of a misdemeanor, and upon conviction shall be punished by a fine of not more than five hundred dollars or by confinement for not more than one year, or both."
Business entity is defined under Section 105.450(2), RSMo, as: ". . . a corporation, association, firm, partnership, proprietorship, or business entity of any kind or character."
The University of Missouri is a constitutional branch of the state government under Section 9(a) of Article IX of the Missouri Constitution. Obviously it is not a "business entity" within the definition. In this respect see our Opinion No. 142, 1968, to Keating (copy enclosed).
We believe that the answer to your first question renders your second question moot.
Your question has not asked for our consideration of Section 105.495, RSMo. However, we call your attention to our Opinion No. 428, 1966 to Lawson in which we considered that section and held that employment of a school director as a bus driver is a "private business transaction" within the meaning of that section which transaction cannot be entered into.
Section 105.495, RSMo, provides:
 "No officer or employee of an agency shall enter into any private business transaction with any person or entity that has a matter pending or to be pending upon which the officer or employee is or will be called upon to render a decision or pass judgment. If any officer or employee is already engaged in the business transaction at the time that a matter arises, he shall be disqualified from rendering any decision or passing any judgment upon the same. Any person who violates the provisions of this section shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine of not more than five hundred dollars or confinement for not more than one year, or both."
It is our view under the facts that we have that Opinion No. 428, 1966 is applicable to your question and that such a private business transaction may be prohibited. The business transaction which is prohibited by that section is with a "person or entity that has a matter pending or to be pending upon which the officer or employee is or will be called upon to render a decision or pass judgment." This section of the law does not speak in terms of "business entity" but speaks in terms of "person or entity." Again, under the rules of construction the word "person" may extend and be applied to bodies politic and corporate, Section1.020(7), RSMo. Since the term is not limited by the definition of "business entity" it does, in our view, include governmental agencies such as the University of Missouri and its departments.
In addition, please note that in our Opinion No. 7, 1968, to Lance (copy enclosed), this office concluded that a continuing relationship between a school board and the school bank depositary required the exercise of continuing judgment with respect to the depositary contract thus creating a conflict within the conflict of interest laws where the six-director school district director also served as a member of the board of directors of the depositary.
As indicated above, we do not purport to make factual determinations. It is our function under Section 27.040, RSMo, to render legal opinions based upon stated fact situations. Therefore, we will not attempt to determine whether or not there is as a matter of fact a continuing relationship between the City of Springfield and the sub-contractors such as the University of Missouri Extension Service which would bring the contemplated transaction within the prohibition of Section 105.495.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 428 12-1-66, Lawson
 Op. No. 7 9-3-68, Lance
 Op. No. 142 4-2-68, Keating